```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

GARY ALAN HOLLINGSHEAD,           )
                                  )   No. CV-10-0319-CI
          Plaintiff,              )
                                  )   ORDER DENYING PLAINTIFF'S
v.                                )   MOTION FOR SUMMARY JUDGMENT
                                  )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner   )   MOTION FOR SUMMARY JUDGMENT
of Social Security,               )
                                  )
          Defendant.              )
                                  )
```

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 12, 15.) Attorney Lora Lee Stover represents Gary A. Hollingshead (Plaintiff); Special Assistant United States Attorney Nancy A. Mishalanie represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on August 14, 2008. (Tr. 9, 162, 165.) He alleged disability due to frozen shoulder syndrome, diabetes, dizziness, weakness and depression with alleged onset date of November 15, 2002. (Tr. 189, 194.) His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 12, 2009, before ALJ James W. Sherry. (Tr. 31-81.)

Plaintiff, who was represented by counsel, and vocational expert Deborah Lapoint (VE) testified. (*Id.*)  The ALJ denied benefits on January 11, 2010, and the Appeals Council denied review. (Tr. 9-22, 1-5.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson v. Perales,* 402 U.S. 389, 400 (1971).  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental medically determinable impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was almost 49 years old. He was a single parent living with his two young sons. (Tr. 39-40.) He testified he completed 11th grade and had a high-school equivalency degree. (Tr. 41.) Plaintiff had a long work history as a sheet-metal worker. (Tr. 201.) He testified he could no longer work due to depression, fatigue, chronic dizziness, pain, and problems caused by his shoulders, diabetes, and problems with his pancreas. (Tr. 50-51.) He stated his right shoulder was worse than the left after treatment. (Tr. 51-52.)

**ADMINISTRATIVE DECISION**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 11.) At step two, the ALJ summarized the medical evidence and found Plaintiff had the severe impairments of "bilateral frozen

shoulder/adhesive colitis; status post EUA/MUA[1] right shoulder posterosuperior labral tear (small); diabetes with diabetic ketoacidosis; pancreatitis; hypertension; hyperlipidemia; alcoholism; THC abuse; major depressive disorder, recurrent, mild; and depression." *Id.*) At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 13.) At step four, he determined Plaintiff had the residual functional capacity (RFC) to perform light work with the following restrictions:

> [H]e is capable of occasional lifting up to 20 pounds at a time; frequently lifting and carrying 10 pounds; standing, walking and sitting for 6 hours out of an 8 hour day; occasional pushing/pulling with the right within lifting restrictions; never climbing ladders, ropes or scaffolds; frequent climbing of ramps or stairs, balancing, stooping, crouching, kneeling and crawling and occasional right reaching and right reaching overhead. He should avoid concentrated exposure to extreme cold, irritants such as fumes, odors, dusts, chemicals and gases, unprotected heights and use of moving machinery. He is capable of simple and some complex tasks and carrying out short and simple instructions but has episodic lapses in attention and concentration.

(Tr. 14-15.)  The ALJ found Plaintiff's subjective symptom complaints that were inconsistent with this RFC were not credible. (Tr. 16-17.)  He determined Plaintiff could no longer perform his past relevant work and proceeded to step five. (Tr. 20.)  At step five, based in part on the RFC and VE testimony, the ALJ found there were unskilled light jobs in the national economy that Plaintiff could perform. (Tr. 20.)  He concluded Plaintiff was not disabled,

---

[1] Examination under anesthesia (EUA) and manipulation under anesthesia (MUA). (Tr. 12.)

as defined by the Social Security Act, from November 15, 2002, through the date of his decision. (Tr. 21.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff asserts the ALJ erred when: (1) he assessed his credibility; (2) he rejected medical provider and consultative examiner opinions in the record; (3) he assessed his RFC; and (4) he posed an incomplete hypothetical to the VE. (ECF No. 13 at 7.) Defendant argues the ALJ's decision is supported by substantial evidence and should be affirmed. (ECF No. 16.)

**DISCUSSION**

**A.  Credibility**

Plaintiff appears to argue that because his providers do not report exaggeration of symptoms and there is no affirmative evidence of malingering, the ALJ should have credited his entire testimony. (ECF No. 13 at 11-12.) However, that is not the proper legal standard for rejecting subjective complaints in these proceedings.

When the ALJ finds a claimant's symptom allegations are not credible, if there is no affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). If the ALJ's credibility findings are supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas V Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1999)("Credibility determinations are the province of the ALJ."). Once the ALJ has

found a claimant's medically determinable impairments could reasonably be expected to produce alleged symptoms, he must consider certain factors in determining credibility. Those factors include reported daily activities inconsistent with alleged complaints; inconsistencies between allegations and conduct; observations of physicians and third parties concerning the nature, severity, and effect of the alleged symptoms; and any unexplained failure to follow treatment recommendations. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *Social Security Ruling (SSR)*[2] 96-7p.

Here, there is no affirmative evidence of malingering. The ALJ properly summarized Plaintiff's written reports and hearing testimony and gave specific reasons for discounting Plaintiff's allegations. For example, he referenced Plaintiff's self-reported daily activities and found they are inconsistent with the degree of disability claimed. (Tr. 15.) He noted Plaintiff's reported care of two minor children and upkeep of their home. The ALJ's reasoning is supported by the record in its entirety, including a 2009 emergency room report that Plaintiff stated he had "been working all day moving things from an apartment on the third floor." (Tr. 566.)

---

[2] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

These "clear and convincing" examples of inconsistencies in Plaintiff's statements are sufficient to discount allegations of complete disability. *Lingenfelter*, 504 F.3d at 1040.

Consistency with medical records is also an appropriate factor to consider, as long as it is not the only factor relied upon. *Id*. Finding Plaintiff's allegations were not supported by medical evidence, the ALJ cited objective evidence from Plaintiff's physicians that contradict allegations of disabling symptoms. (Tr. 17.)  For example, as found by the ALJ, Plaintiff failed to follow up on treatment recommendations, was non-compliant in his medication regime, and showed poor effort in strength testing.  (Tr. 17, 443, 512, 734, 758.)  He referenced physician reports that Plaintiff's blood pressure and depression are well-controlled with medication; clinic notes of Plaintiff's satisfaction with shoulder surgery results; and evidence of routine and conservative treatment.  (Tr. 16, 377-83, 566.)  As found by the ALJ, contrary to Plaintiff's allegations of unrelenting symptoms, Dr. Emery's clinic notes indicate medication taken as prescribed and abstinence from alcohol substantially resolved diabetes symptoms, dizziness and depression. (Tr. 17, 407, 410, 512, 734.)  Clinic notes from orthopedic specialist Eric Bowden, M.D., show Plaintiff reported doing "wonderfully well," in June 2008, after shoulder manipulation. (Tr. 17, 309, 318.)  Dr. Bowden observed Plaintiff's most important concern was keeping his diabetes under control.  Plaintiff's documented non-compliance with treatment requirements supports an adverse credibility finding.  *Tommasetti*, 533 F.3d at 1039.

In addition, the record shows Plaintiff was not entirely candid

regarding his reported use of drugs and alcohol, in spite of repeated warnings of the negative impact alcohol abuse has on his diabetes, blood pressure, and pancreatitis. (*See, e.g.,* Tr. 403-404, 501, 550, 715.) This evidence supports an adverse credibility finding. *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999); *see Warre v. Commissioner of Social Sec.,* 439 F.3d 1001, 1005 n.3 (9th Cir. 2006)(where ALJ makes legally sufficient findings, the court may reference additional support in the record). The ALJ's reasons for discounting Plaintiff's complaints are legally sufficient and supported by substantial evidence in the entire record.

**B.   Residual Functional Capacity/ Hypothetical Question**

Plaintiff contends the limitations assessed by the ALJ in his hypothetical question to the VE and in the final RFC do not include all limitations supported by the record. He specifically argues the ALJ did not include all physical limitations assessed by Dr. Emery and the moderate mental limitation assessed by Dr. Gentile, an error that rendered VE testimony unsupported by substantial evidence. (ECF No. 13 at 9-13.)

Plaintiff first claims limitations caused by his upper extremity impairments and diabetes were ignored by the ALJ, who assessed Plaintiff capable of performing light exertional level work$^{3}$

---

$^{3}$   "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds, and a good deal of walking or standing. Light work may also involve sitting most of the time, but with "some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." *SSR* 83-10.  However, relatively few

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

with multiple non-exertional limitations. (*Id.;* Tr. 14-15.) Plaintiff's argument is not persuasive.

The record shows Plaintiff's past work as a sheet metal worker is classified as medium work (*i.e.*, lifting up to fifty pounds, with frequent lifting or carrying twenty-five pounds), and Plaintiff reported lifting and carrying up to 100 pounds, 50 pounds frequently. (Tr. 75.) Considering Dr. Emery's medical opinions and objective imaging reports, the ALJ found Plaintiff no longer capable of medium work. (Tr. 14.) He reasonably limited Plaintiff's light work capacity by including specific restrictions on lifting and carrying no more than twenty pounds, and ten pounds frequently. He limited pushing and pulling to occasionally at ten to twenty pounds with the right arm. (Tr. 14.) In addition, he restricted Plaintiff to occasional reaching and right reaching overhead.[4] Plaintiff's argument that the ALJ ignored limitations caused by his upper extremities fails.

Review of the entire record shows the ALJ included functional limitations (exertional and non-exertional) supported by the record and found credible by the ALJ in his hypothetical question to the VE. The VE's opinion that there is work Plaintiff can perform is thus supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ's summary of the medical evidence includes a discussion of findings and limitations assessed

---

unskilled light jobs entail working in a seated position. *Id*.

[4] The Commissioner defines "frequently" as one-third to two-thirds of the time and "occasionally" as very little, up to one-third of the time. *SSR* 83-10

by treating physicians, Drs. Emery and Bowen. (Tr. 12-13.) The ALJ noted specific limitations caused by Plaintiff's shoulder surgery and diabetes, but gave little weight to Dr. Emery's opinion that Plaintiff's physical impairments "markedly affect his employability status." (Tr. 19.) He reasoned Dr. Emery relied "heavily" on Plaintiff's subjective statements, which as discussed above, the ALJ properly found not entirely credible. (Tr. 16-18.) This is a specific and legitimate reason to reject a treating physician opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)(medical opinions based on subjective complaints can be rejected where credibility has been properly discounted). In addition, the ALJ found Dr. Emery's assessment of marked limitations was inconsistent with his own treatment notes and other evidence in the record. (Tr. 19.) This is also a legally sufficient reason to discount a treating opinion.[5] *Tommasetti v. Astrue*, 533 F.3d 1035, (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3 1211, 1216 (9th Cir. 2005); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). While Dr. Emery's treating opinions warrant deference, they are not controlling in the final RFC determination. *SSR* 96-5p.

---

[5] Where, as here, the ALJ articulates legally sufficient reasons for discounting a medical opinion, the inclusion of impermissible reasons does not necessarily mean the entire assessment was improper. *See Carmickle v. Astrue*, 533 F.3d 1155, 1162 (9th Cir. 2008). The ALJ's speculation regarding Dr. Emery's desire to assist Plaintiff as a motive for his medical opinions is inapposite in these proceedings.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

As noted in the ALJ's summary of the entire medical record, substantial evidence (including imaging reports and Dr. Emery's own clinic notes) indicates Plaintiff's condition improved when he complied with treatment recommendation and his prescribed medication regime.  The court reasonably can infer from these specific findings that the ALJ's reasoning is supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).  The ALJ did not err in rejecting conclusions regarding Plaintiff's employability included in Dr. Emery's opinion letter. *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner).

Regarding alleged problems with concentration, the ALJ appropriately limited Plaintiff to simple work, with some complex tasks.  He noted claimant had "episodic lapses in attention and concentration."  (Tr. 15.)  This mental functional capacity contrasts significantly to past work Plaintiff performed as a supervisor in metal fabrication, which is classified as skilled, with a Specific Vocational Preparation of over 4 years, up to 10 years.  (Tr. 75.)  The ALJ's determination that Plaintiff had adequate concentration to perform simple work with episodic lapses in concentration is supported by substantial evidence from reviewing psychologist Mary Gentile, Ph.D., examining psychologists James Bailey, Ph.D., and Robert Capes, Psy.D., all of whom concluded Plaintiff was not disabled due to mental impairments. (Tr. 19-20, 350, 342-47, 534-37.)[6]

---

[6] Plaintiff appears to argue the ALJ did not properly consider the moderate limitation in the ability to maintain attention and concentration assessed by Dr. Gentile.  (Tr. 348.)  However, review

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

The final determination regarding Plaintiff's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. §§ 404.1527(e), 404.1546, 416.927(e), 416.946; *SSR* 96-5p. Although no special significance is to be given to a medical source opinion, the ALJ reasonably included restrictions consistent with unrejected medical evidence and Plaintiff's credible testimony. The hypothetical relied upon by the VE reflects limitations supported by the record and credible testimony. (Tr. 75-76.) Limitations due to pain were addressed reasonably by the exertional and non-exertional restrictions propounded to the VE and included in the ALJ's final RFC determination. (Tr. 14-15.) Because the hypothetical presented at step five is a rational interpretation of the entire record and reflects the final RFC determination, the ALJ did not err in relying on VE testimony that there were jobs in significant numbers that Plaintiff could perform. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(ECF No. 12)** is **DENIED.**

2.  Defendant's Motion for Summary Judgment **(ECF No. 15)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment

---

of the relevant record confirms that Dr. Gentile's summary conclusions and narrative RFC assessment are consistent with the ALJ's finding that Plaintiff is cognitively intact and capable of simple work and some complex tasks with "episodic lapses in attention and concentration." (Tr. 15, 348, 350.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

shall be entered for Defendant, and the file shall be **CLOSED**.

DATED April 25, 2012.

                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13